USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/09

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

CELANESE CORPORATION,

　　　　　　Plaintiff,

v.

DAICEL CHEMICAL INDUSTRIES, LTD., and
POLYPLASTICS COMPANY, LTD.,

　　　　　　Defendants.

Case No: 1:08-CV-06660 (SHS)

**ECF**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### STIPULATED PROTECTIVE ORDER

　　　　To expedite the flow of discovery material in the above-captioned action (the "Action"),

to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to

adequately protect information the parties are entitled to keep confidential, to ensure that only

materials the parties are entitled to keep confidential are subject to such treatment, and to ensure

that the parties are permitted reasonably necessary uses of such materials in preparation for and

in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

### INFORMATION SUBJECT TO THIS ORDER

　　　　1.　　　This Stipulated Protective Order (this "Order") shall govern the designation and

handling of "Designated Confidential Information" in this Action. For purposes of this Order,

"Designated Confidential Information" shall mean all information or material which is produced

or disclosed by a Designating Party to a Receiving Party, including depositions, documents

produced in response to requests for production of documents, answers to interrogatories,

responses to requests for admissions and all other discovery taken pursuant to the Federal Rules

WASH_6205335 4

of Civil Procedure, as well as pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence and all other information produced or furnished by or on behalf of any party to this Order or third party, and which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL EYES ONLY" in accordance with Paragraphs 2-5 of this Order. For purposes of this Order, "Designating Party" shall mean any party to this Action and any non-party producing documents, information or material voluntarily or pursuant to a subpoena or a court order in this Action. "Receiving Party" shall mean any party to this Action to which documents, information or material is produced by a Designating Party. Except with the prior written consent of the Designating Party, no Designated Confidential Information may be disclosed to any person or used in any manner except as provided in this Order, any and all Designated Confidential Information obtained by any party from any person or entity pursuant to discovery in this Action may be used only for purposes of preparation and litigation of this Action and for no other purpose (including, but not limited to, any business, commercial or competitive purpose), and Designated Confidential Information may not be used in connection with any other action or litigation. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure or if the Court orders such disclosure upon good cause shown. Nothing in this Order shall restrict or limit a Designating Party's use of its own Designated Confidential Information.

2.      Any document or tangible thing may be designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL EYES ONLY" by the Designating Party by marking it as such in a size and location which makes the designation readily apparent, prior to or at the time copies are furnished to the Receiving Party.

WASH_6205335.4

a) Designating material as CONFIDENTIAL: Any document or tangible thing provided by a Designating Party, which that or another party in good faith contends contains confidential and/or proprietary information and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, may be designated as CONFIDENTIAL and, except as permitted by further order of this Court, or by subsequent written agreement of the Designating Party, such CONFIDENTIAL information shall be received by counsel of record for the Receiving Party upon the terms and conditions of this Order.

b) Designating material as CONFIDENTIAL COUNSEL EYES ONLY: Subject to the provisions of Paragraph 11(b) of this Order, any document or tangible thing provided by a Designating Party which that party or another party in good faith contends contains confidential and/or proprietary financial, technical or commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business may be designated as CONFIDENTIAL COUNSEL EYES ONLY. A non-exhaustive list of examples of the types of information that may be designated as CONFIDENTIAL COUNSEL EYES ONLY, includes, but is not limited to, the following:

(1) Information relating to future products not yet commercially released;

(2) The names or other information tending to reveal the identities of a Designating Party's suppliers, present or prospective customers, or distributors;

3

(3) Confidential pricing and/or cost information;

(4) Marketing documents, reports, strategic plans or other sensitive competitive information;

(5) Information relating to trade secrets;

(6) Information relating to pending patent applications;

(7) Confidential information obtained from a nonparty pursuant to a non-disclosure agreement;

(8) Information relating to license or settlement agreements or related communications; and

(9) Any other information the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

Disputes regarding whether material is properly designated as CONFIDENTIAL COUNSEL EYES ONLY shall be resolved in accordance with Paragraphs 13 and 14 of this Order. The parties agree to designate information as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY on a good faith basis and not for purposes of harassing the Receiving Party or for the purpose of unnecessarily restricting the Receiving Party's access to information concerning this Action.

3.      At a deposition, a Designating Party may designate all or part of the deposition and/or exhibits to be treated as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY in which case the whole or such portions of the original and all copies of any deposition transcript and/or exhibits shall be marked CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY by the reporter. If no such designation is made, the entirety of the deposition transcript and exhibits are to be treated as CONFIDENTIAL COUNSEL EYES ONLY for a

4

period of thirty (30) days following receipt of the deposition transcript from the reporter. During this time period (thirty (30) days following receipt of the deposition transcript from the reporter), a Designating Party may designate all or part of a transcript of a deposition and any exhibit thereto as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY. Any portions so designated as described in this Paragraph shall thereafter be separated and treated in accordance with the terms of this Order.

4.      All CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2 of this Order, shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

5.      Any documents (including physical objects) made available by the Designating Party for initial inspection by outside counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL COUNSEL EYES ONLY and shall be subject to this Order. Thereafter, the Designating Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY prior to furnishing copies to the Receiving Party.

6.      The following information is not properly designated as CONFIDENTIAL or COUNSEL EYES ONLY:

> (a)     any information that a Receiving Party can show is in the public domain at the time of disclosure to a Receiving Party;
>
> (b)     any information that a Receiving Party can show became part of the public domain as a result of publication not involving a violation of this Order;

5

        (c)     any information that a Receiving Party can show was received by it,

whether before or after the disclosure, from a source who obtained the

information lawfully and under no obligation of confidentiality to the

Designating Party; and

        (d)     any information that a Receiving Party can show was independently

developed by it after the time of disclosure by personnel who have not had

access to the Designating Party's Designated Confidential Information.

        7.     Designated Confidential Information shall be held in confidence by each person
to whom it is disclosed, shall be used only for purposes of this Action, shall not be used for any
other purpose, and shall not be disclosed to any person who is not entitled to receive such
information as herein provided. All Designated Confidential Information shall be carefully
maintained so as to preclude access by persons who are not authorized to receive such
information pursuant to Paragraphs 8 and 9 below.

### PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

        8.     Designated Confidential Information marked CONFIDENTIAL may be delivered,
exhibited or disclosed by outside counsel for the Receiving Party to the following persons only:

        a.   Outside Counsel – External counsel retained to represent the named parties

in this Action, including supporting personnel employed by the attorneys,

such as paralegals, temporary or contract attorneys or paralegals, legal

secretaries, and legal clerks;

        b.   Foreign Counsel - The attorneys and other employees (including supporting

personnel) at any of the Japanese or other foreign law firms retained by the

parties for this Action;

6

c. Consultants, Advisers or Experts – Any outside person retained by a party to serve as a consultant, advisor or expert witness, or with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this Action for the preparation or trial thereof, provided that such person is not currently and has not been during the previous three (3) years employed by, a consultant or advisor for (except as a consultant, advisor or expert in connection with any other action, litigation or dispute (an "Expert Witness")) the Receiving Party and its engineering, technical, accounting, or financial support personnel and the party that wishes to make the disclosure certifies in writing that this requirement has been met. Such certification is only required to state that the person(s) to whom such disclosure(s) has been made meets the requirements of this subparagraph, and it does not need to identify such person(s) by name or by any other characteristic;

d. Parties - Individuals who are employees or former employees of the parties, including, but not limited to, in-house counsel, with responsibility for maintaining, defending or evaluating this Action and/or issues involved in this Action (and supporting personnel);

e. Witnesses - Any person counsel have a good faith basis to believe authored or previously received the CONFIDENTIAL information, any person testifying at a deposition, hearing, or trial of this Action if there is a good faith basis to believe that the person will give relevant testimony regarding the CONFIDENTIAL information, or any person whose testimony is sought in this Action, during the preparation of that person for his or her deposition,

7

if there is a good faith basis to believe that the person may be examined

regarding the CONFIDENTIAL information;

f.  Court Reporters/Videographers - Any court reporter or videographer
    employed to record and transcribe testimony in connection with this Action;

g.  Translators -- Any independent translators retained to translate in connection
    with this Action;

h.  Litigation Support Vendors - Third-party contractors and their employees
    retained for this Action to provide document management, processing and/or
    retrieval services, trial presentation services (including, but not limited to,
    creation of graphics and demonstrative exhibits) and/or jury consulting
    services (including mock jurors);

i.  Mediator or Arbitrator -- Any mediator or arbitrator engaged by the parties in
    this Action or appointed by the Court, including supporting personnel
    employed by the mediator or arbitrator; and/or

j.  Court Personnel - This Court and any appellate court and members of the
    staff of such courts whose functions necessitate access to CONFIDENTIAL
    information.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL COUNSEL EYES ONLY INFORMATION

9.     Designated Confidential Information marked CONFIDENTIAL COUNSEL

EYES ONLY may be delivered, exhibited or disclosed by outside counsel for the Receiving

Party to the following persons only:

a.  Outside Counsel – External counsel retained to represent the named parties
in this Action, including supporting personnel employed by the attorneys,
such as paralegals, temporary or contract attorneys or paralegals, legal
secretaries, and legal clerks;

b.  In-house Counsel or Legal Department Employees – No more than five
designated in-house counsel or other non-lawyers employed in the Legal
Department of a party, who have responsibility for maintaining, defending or
evaluating this Action and/or the issues involved in this Action, and their
supporting personnel;

c.  Foreign Counsel - The attorneys and other employees (including supporting
personnel) at any of the Japanese or other foreign law firms retained by the
parties for this Action;

d.  Consultants, Advisers or Experts – Any outside person retained by a party to
serve as a consultant, advisor or expert witness, or with whom counsel may
deem it necessary to consult concerning technical, financial, or other aspects
of this Action for the preparation or trial thereof, provided that such person is
not currently and has not been during the previous three (3) years employed
by, a consultant or advisor for (except as an Expert Witness) the Receiving
Party and its engineering, technical, accounting, or financial support
personnel and the party that wishes to make the disclosure certifies in writing
that this requirement has been met.  Such certification is only required to
state that the person(s) to whom such disclosure(s) has been made meets the

requirements of this subparagraph, and it does not need to identify such person(s) by name or by any other characteristic;

e.  Designated Employee(s) – Up to five (5) officers or employees (or former officers or employees) of a party who are not employed in a party's legal department, who have been designated by a Receiving Party to work directly on this Action and who have been approved by the Designating Party to receive its CONFIDENTIAL COUNSEL EYES ONLY information, pursuant to Paragraphs 11-12 below;

f.  Witnesses -- Any person counsel have a good faith basis to believe authored or previously received the CONFIDENTIAL COUNSEL EYES ONLY information, any person testifying at a deposition, hearing, or trial of this Action if there is a good faith basis to believe that the person will give relevant testimony regarding the CONFIDENTIAL COUNSEL EYES ONLY information, or any person whose testimony is sought in this Action, during the preparation of that person for his or her deposition, if there is a good faith basis to believe that the person may be examined regarding the CONFIDENTIAL COUNSEL EYES ONLY information. If this provision applies, the CONFIDENTIAL COUNSEL EYES ONLY information will be used solely for purposes of examining or cross-examining the witness during a deposition or trial or for preparing such person for his or her testimony, and the witness will not be permitted to retain any documents or things containing CONFIDENTIAL COUNSEL EYES ONLY information unless

10

the witness is otherwise authorized to receive CONFIDENTIAL COUNSEL EYES ONLY information;

g.  Court Reporters/Videographers - Any court reporter or videographer employed to record and transcribe testimony in connection with this Action;

h.  Translators – Any independent translators retained to translate in connection with this Action;

i.  Litigation Support Vendors - Third-party contractors and their employees retained for this Action to provide document management, processing and/or retrieval services, trial presentation services (including, but not limited to, creation of graphics and demonstrative exhibits) and/or jury consulting services (including mock jurors);

j.  Mediator or Arbitrator – Any mediator or arbitrator engaged by the parties in this Action or appointed by the Court, including supporting personnel employed by the mediator or arbitrator; and/or

k.  Court Personnel - This Court and any appellate court and members of the staff of such courts whose functions necessitate access to CONFIDENTIAL COUNSEL EYES ONLY information.

### CERTIFICATION REQUIRED PRIOR TO DISCLOSURE

10.     Any Receiving Party desiring to reveal Designated Confidential Information to any of the persons referred to in sub-paragraphs 8(b)-(i) or 9(b)-(j) of this Order, shall first secure from each such person or service prior to disclosure a signed certificate in the form attached hereto as Attachment A. A party need not obtain a certificate more than once for each person. Such written agreement shall be retained by counsel for the Receiving Party. Any

11

Designating Party with a good faith basis to believe that unauthorized disclosure has occurred

may make a written request for copies of the signed certificates relevant to the suspected

unauthorized disclosure. The requesting party may move the Court to compel provision of

copies of those certificates if the Receiving Party refuses to provide them.

### APPROVAL OF DESIGNATED EMPLOYEES

11.    (a)    Subject to the provisions of Paragraph 11(b) of this Order, should counsel

for a Receiving Party find it necessary for maintaining, defending or evaluating this Action to

disclose a Designating Party's CONFIDENTIAL COUNSEL EYES ONLY information to a

Designated Employee as described in Paragraph 9(c) of this Order, counsel for the Receiving

Party shall first give written notice to the Designating Party, including the name, title and brief

job description of the proposed Designated Employee. The Designating Party will then have

seven (7) business days after such notice is given (plus three (3) business days if notice is given

other than by hand delivery, e-mail transmission or facsimile transmission) to object in writing.

If any party needs and requests an additional period of time (such as an additional week) to serve

an objection, such request for an extension will not be unreasonably withheld. No

CONFIDENTIAL COUNSEL EYES ONLY information shall be disclosed to such proposed

Designated Employee until after the expiration of the foregoing notice period.

(b)    For those documents that contain or disclose sensitive trade secrets created

after August 24, 2007, the Designating Party may produce such documents with the legend

CONFIDENTIAL COUNSEL EYES ONLY – DESIGNATED EMPLOYEES RESTRICTED.

Documents containing this legend may not be disclosed to Designated Employees as described in

Paragraph 9(c) of this Order. If a Designating Party learns that a document containing or

disclosing sensitive trade secrets created after August 24, 2007 was inadvertently produced with

the designation CONFIDENTIAL COUNSEL EYES ONLY, the Designating Party may provide written notice to the Receiving Parties that such documents may not be disclosed to any Designated Employees as described in Paragraph 9(e) of this Order. If such written notice is provided, the Designating Party shall provide in the notice the Bates Numbers of the documents that are the subject of the notice and shall accompany the notice with replacement copies of the documents marked with the same Bates Numbers, but containing the revised legend CONFIDENTIAL COUNSEL EYES ONLY – DESIGNATED EMPLOYEES RESTRICTED. Once such notice is provided, the documents that are the subject of the notice may not be disclosed to any Designated Employees as described in Paragraph 9(e) of this Order.

12.    If, however, during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose a Designating Party's CONFIDENTIAL COUNSEL EYES ONLY information to a proposed Designated Employee as described in Paragraph 9(e) of this Order, there shall be no disclosure pending resolution of the objection. The objection of the Designating Party shall include an explanation of the basis of its objection, and consent to the disclosure shall not be unreasonably withheld. If a Designating Party objects to the disclosure of CONFIDENTIAL COUNSEL EYES ONLY information to a proposed Designated Employee, the Receiving Party shall then have seven (7) business days after such objection is served (plus three (3) business days if the objection is served other than by hand delivery, e-mail transmission or facsimile transmission) to respond to the objection. The Designating Party shall then have seven (7) business days after such response is served (plus three (3) business days if the response is served other than by hand delivery, e-mail transmission or facsimile transmission) to file an objection with the court and seek disqualification of the proposed Designated Employee or other appropriate relief, if the parties cannot come to an

WASH_6205335.4

agreement. If any party needs and requests an additional period of time (such as an additional week) to serve a response or an objection, such request for an extension will not be unreasonably withheld. If the Designating Party fails to file an objection within the prescribed period, then any objection to the Designated Employee is waived, and any CONFIDENTIAL COUNSEL EYES ONLY information may be thereafter disclosed to such individual.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

13.     The parties will use reasonable care when designating documents or information as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY. Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

14.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Designating Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY designation. Unless and until the Court cancels or modifies any such designation, the Receiving Party shall treat the subject documents or

14

information according to the designation made by the Designating Party pursuant to the terms of this Order.

## FILING UNDER SEAL

15.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been made Designated Confidential Information or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words **"CONFIDENTIAL [OR COUNSEL EYES ONLY] INFORMATION - UNDER PROTECTIVE ORDER"** and a statement substantially in the following form:

> This envelope contains confidential information filed in this Action by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

## NONPARTY USE OF THIS ORDER

16.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order in this Action may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this Action.

17.     A nonparty's use of this Order to protect its Designated Confidential Information does not entitle that nonparty access to Designated Confidential Information produced by any party in this Action.

15

## NO WAIVER OF PRIVILEGE

18.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Designating Party becomes aware of any inadvertent or unintentional disclosure, the Designating Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the Designating Party. Upon request by the Designating Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, provided however that, submitting such written challenge to the Court does not exempt the Receiving Party from the foregoing obligation to immediately return all copies of such inadvertently produced document(s), except as needed for the challenge and for so long as the challenge be in process, and that unless and until the Court denies the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation, the Receiving Party shall comply with that obligation.

## NO WAIVER OF CONFIDENTIALITY

19.    Any document containing CONFIDENTIAL information, but inadvertently not marked as CONFIDENTIAL, any document containing CONFIDENTIAL COUNSEL EYES ONLY information, but inadvertently not marked as CONFIDENTIAL COUNSEL EYES ONLY, and/or any document containing CONFIDENTIAL COUNSEL EYES ONLY – DESIGNATED EMPLOYEES RESTRICTED information (pursuant to Paragraph 11(b) of this

16

Order), but inadvertently not marked as CONFIDENTIAL COUNSEL EYES ONLY –

DESIGNATED EMPLOYEES RESTRICTED shall not constitute a waiver as to the

confidentiality or trade secret nature of that document, if, as soon as reasonably possible after the

Designating Party becomes aware of any inadvertent or unintentional disclosure, the Designating

Party designates any such document as CONFIDENTIAL, CONFIDENTIAL COUNSEL EYES

ONLY, or CONFIDENTIAL COUNSEL EYES ONLY – DESIGNATED EMPLOYEES

RESTRICTED as appropriate.  Nothing herein shall prevent the Receiving Party from

challenging the propriety of the confidentiality designation by submitting a written challenge to

the Court according to Paragraphs 13 and 14 of this Order.

## MISCELLANEOUS PROVISIONS

20.     Any of the notice requirements herein may be waived, in whole or in part, but

only by a writing signed by the attorney of record for the party against whom such waiver will be

effective.

21.     If at any time Designated Confidential Information governed by this Order

belonging to another party is subpoenaed by any court, administrative or legislative body, or by

any other person or entity purporting to have authority to require the production of such material,

the party to whom the subpoena is directed shall promptly and before the time allowed for

production under the subpoena give written notice thereof to the Designating Party.  After receipt

of such notice, the Designating Party shall have the responsibility for obtaining any order it

believes necessary to prevent disclosure of the Designated Confidential Information.  Unless

required by rule or court order, the person or entity to whom the subpoena is directed shall not

produce any Designated Confidential Information until the entity or person seeking to maintain

confidentiality has had an opportunity to seek an appropriate order.  The party to whom the

17

subpoena is directed shall not produce any Designated Confidential Information while a motion

for protective order brought pursuant to this Paragraph is pending, or while any appeal from or

request for appellate review of such motion is pending, unless ordered by a court to do so.

22.     This Order shall remain in full force and effect and shall continue to be binding

on all parties and persons signing Attachment A certificates after the termination of this Action

and regardless of whether this Action is dismissed, transferred to another court, or stayed, subject

to any subsequent modifications of this Order for good cause shown by the Court or any court

having jurisdiction over this or any related litigation.

23.     Nothing in this Order shall prohibit the transmission or communication of

CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY information between or

among qualified recipients

(a)     by hand-delivery;

(b)     in sealed envelopes or containers via the mails or an established freight,

delivery or messenger service; or

(c)     by telephone, telegraph, facsimile or other electronic transmission system;

where, under the circumstances, there is no reasonable likelihood that the

transmission will be intercepted or misused by any person who is not a

qualified recipient.

24.     Designated Confidential Information shall not be copied or otherwise reproduced

by a Receiving Party, except for transmission to qualified recipients, without the written

permission of the Designating Party, or, in the alternative, by further order of the Court. Nothing

herein shall, however, restrict a qualified recipient from making working copies, abstracts,

digests and analyses of Designated Confidential Information for use in connection with this

18

Action and such working copies, abstracts, digests and analyses shall be deemed to be the same level of confidentiality under the terms of this Order as the original documents upon which such work product was based. Further, nothing herein shall restrict a qualified recipient from converting or translating Designated Confidential Information into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to Designated Confidential Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

25.     This Order shall survive termination of this Action. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this Action, each party shall, at its option, either return to the Designating Party or destroy all physical objects and documents which embody Designated Confidential Information which were received from the Designating Party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including, but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to Designated Confidential Information; provided, that all Designated Confidential Information, not embodied in physical objects and documents, shall remain subject to this Order. If destroyed, counsel for the party so destroying such material shall certify in writing within sixty (60) days of the conclusion of this Action that all such materials have been destroyed. Notwithstanding any of the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, memoranda, notes, all other work product (including, but not limited to, abstracts, digests and analyses), pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or

19

introduced into evidence at trial, regardless of whether such documents or materials contain or embody CONFIDENTIAL or CONFIDENTIAL COUNSEL EYES ONLY information.

26. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect Designated Confidential Information at trial and any hearing in this Action.

27. Notwithstanding the entry of this Order, a party may refuse to produce any documents on the ground that such production would violate another order to which the party is subject, and/or would violate any United States or foreign governmental law or regulation.

28. Subject to the provisions of this Order, nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of Designated Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of any Designated Confidential Information except as otherwise provided in paragraphs 8 and 9 hereof.

29. The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Confidential Information produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

30. This Protective Order may be modified for good cause shown. SHS

08 civ 06660

Dated: _October 7_, 2009

SO ORDERED

Honorable Sidney H. Stein
United States District Judge

## STIPULATED AND AGREED:

**MORGAN, LEWIS & BOCKIUS LLP**

Bernard J. Garbutt III (BG-1970)
John Shin (JS-1970)
101 Park Avenue
New York, NY 10178-0600
212-309-6000

*Attorneys for Plaintiff Celanese Corporation*

**FOLEY & LARDNER LLP**

Peter N. Wang (PW-9216)
Robert A. Scher (RS-2910)
Dana C. Rudlof (DR-1431)
90 Park Avenue
New York, NY 10016
212-682-7474

Kenneth E. Krosin
Lisa S. Mankofsky
Liane M. Peterson
3000 K Street, NW, Suite 600
Washington, DC 20007
202-572-5300

*Attorneys for Defendant Daicel Chemical
Industries, Ltd.*

**WEIL, GOTSHAL & MANGES LLP**

Steven A. Reiss (SR-5889)
Adam C. Hemlock (AH-6610)
Marie L. Mathews (ML-0275)
767 Fifth Avenue
New York, NY 10153
212-310-8000

*Attorneys for Defendant Polyplastics
Company, Ltd.*

WASH_6205335.4

## CONFIDENTIALITY AGREEMENT

I, _____, state:

1.  I reside at _____;

2.  My present employer is _____;

3.  My present occupation or job description is _____;

4.  I have read and understand the attached Stipulated Protective Order dated

_____, 2009 (the "Order") in the matter of *Celanese Corporation v. Daicel*

*Chemical Industries, Ltd., et al.* I agree to be bound by the terms of the Order, and I agree to be

subject to the jurisdiction and authority of the United States District Court for the Southern

District of New York (the "Court") in the event of any violation of this Agreement or dispute

related to this Agreement.

5.  I agree to keep confidential all "CONFIDENTIAL" and "CONFIDENTIAL

COUNSEL EYES ONLY" information (as those terms are defined in the Order) provided to me

in connection with the matter *Celanese Corporation v. Daicel Chemical Industries, Ltd., et al.*

Without limiting such agreement, I will not divulge any such information to persons other than

those specifically authorized to receive it pursuant to the Order.

6.  I understand that my willful violation of any term of the Order could subject me

to punishment for contempt of court, a fine, or both.

7.  I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on _____2009.

_____

Attachment A

22

WASH_6205335 4